**UNITED STATES of America, Plaintiff–Appellee**

v.

**Cedric L. CALMES, Defendant–Appellant.**

No. 14–60579
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 31, 2015.

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM: *

Following a jury trial, Cedric L. Calmes was convicted of possession with intent to distribute 28 grams or more of cocaine base, possession with intent to distribute marijuana, possession of a firearm by a convicted felon, and possession of a firearm in relation to and in furtherance of a drug trafficking crime. The district court sentenced him to a total of 180 months of imprisonment and eight years of supervised release. On appeal, Calmes chal-

lenges the district court's denial of several pretrial motions, namely, his motion for a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); his motions to suppress evidence; his motion to disclose the identity of the confidential informant (CI); and his requests for issuance of a subpoena duces tecum and a writ ad testificandum.

Calmes has moved for leave to file an out-of-time reply brief. We greatly disfavor all extensions of time for filing reply briefs. 5TH CIR. R. 31.4.4. Calmes's motion and proposed reply brief, which effectively repeats the substantive arguments set forth in his primary brief, present no compelling reason for us to permit the untimely filing. The motion therefore is DENIED.

To obtain a *Franks* hearing, Calmes was required to make a "substantial preliminary showing" that (1) the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in the warrant affidavit; and (2) the remaining portion of the affidavit is insufficient to support a finding of probable cause. *Franks,* 438 U.S. at 155, 170–72, 98 S.Ct. 2674. This court has applied *Franks* to situations involving alleged omissions in a supporting affidavit. *See United States v. Tomblin,* 46 F.3d 1369, 1377 (5th Cir. 1995). We review the district court's findings regarding the truthfulness of the affiant's statements for clear error. *United States v. Thomas,* 627 F.3d 146, 159 (5th Cir.2010). We review the district court's conclusions of law, including the decision to deny a hearing under *Franks,* de novo. *Id.* As the district court determined, Calmes did not make a substantial preliminary showing that Agent Archie Williams knowingly and intentionally, or with reckless disregard for the truth, made false statements or omitted material information from the affidavit. *See Franks,* 438 U.S.

at 171–72, 98 S.Ct. 2674. Thus, the district court did not err in refusing to hold a *Franks* hearing. *See id.*

Calmes argues that the evidence seized from his home should have been suppressed because Agent Williams made false statements and/or material omissions in the search warrant affidavit and because the affidavit was a "bare bones" affidavit. When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo, viewing the evidence in the light most favorable to the prevailing party. *United States v. Pack,* 612 F.3d 341, 347 (5th Cir.2010); *United States v. Cherna,* 184 F.3d 403, 406–07 (5th Cir. 1999).

When, as here, a search warrant is involved, we engage in a two-step inquiry when reviewing a district court's denial of a defendant's motion to suppress. *See Cherna,* 184 F.3d at 407. We determine first whether the good faith exception to the exclusionary rule applies and, second, whether the official who issued the warrant had a substantial basis for concluding that probable cause existed. *Id.* If the good faith exception applies, no further analysis is conducted, and the district court's denial of the motion to suppress will be affirmed. *Id.* The good faith exception does not apply in four recognized situations, including, as pertinent here, where the issuing judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; or where the underlying affidavit supporting the warrant is a "bare bones" affidavit, i.e., it so lacks indicia of probable cause that reliance on it is entirely unreasonable. *United States v. Mays,* 466 F.3d 335, 343 (5th Cir.2006).

Calmes has not shown that Agent Williams intentionally or recklessly made

misstatements or omissions in his affidavit regarding a 911 call or the CI's criminal history. *See United States v. Leon,* 468 U.S. 897, 914, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984). In addition, Williams's affidavit is not bare bones or conclusional. *See, e.g., United States v. Satterwhite,* 980 F.2d 317, 320 (5th Cir.1992). Accordingly, the district court did not err in determining that the good faith exception is applicable here and thereby denying the motions to suppress. *See Cherna,* 184 F.3d at 407.

To the extent that Calmes argues that the district court abused its discretion in not requiring the Government to disclose the identity of the CI, he does not address the three-factor test used to determine whether the identity of an informant should be revealed. *See Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *United States v. Sanchez,* 988 F.2d 1384, 1391 (5th Cir.1993). Nor does he address the district court's reasoned analysis for denying the motion to disclose. Consequently, Calmes has waived the issue whether the district court abused its discretion in denying his motion to disclose the CI's identity. *See United States v. Flores,* 63 F.3d 1342, 1374 n. 36 (5th Cir.1995); FED. R.APP. P. 28(a)(8)(A). Likewise, Calmes does not adequately brief his arguments that the district court erred in refusing to issue (1) a subpoena duces tecum ordering the Columbus Police Department to produce records pertaining to the alleged 911 call, and (2) a writ ad testificandum directed to inmate Antonio Brooks. Calmes thus has waived those issues as well. *See Flores,* 63 F.3d at 1374 n. 36.

AFFIRMED.